IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

**UNITED STATES OF AMERICA,**

    Plaintiff,

**VS.**

                                                                                              **No. 2:21-cr-20216-JTF**

**TOMMIE CONNER,**

    Defendant.

_____

**MOTION TO SUPPRESS**
_____

    **COMES NOW** the Defendant, Tommie Conner, by and though his attorney of record, Michael E. Scholl, pursuant to the Federal Rules of Criminal Procedure and the United States Constitution and moves this Honorable Court to suppress evidence seized during the course of an illegal search. In support of this motion, Defendant would state as follows:

    1.    The Defendant is charged in the above referenced matter with violations of 18 U.S.C. 922(g)(1).

    2.    On or about March 4, 2021, Officer J. Roberts was patrolling the area of American Way and Clearbrook Road when he observed a black Dodge Durango traveling at a high rate of speed.

    3.    Officer Roberts paced the vehicle from American Way to Clearbrook Road eastbound to 5119 American Way, Rodeway Inn going 60 mph in a 45-mph speed zone.

1

The vehicle then left the lot and drove westbound on American Way at which point Officer Walker got behind the vehicle.

4. Officer Walker paced the vehicle going 50 mph in a 45-mph zone from American Way and S. Perkins westbound to American Way and Cherry Road.

5. The Dodge Durango then pulled into a parking lot for a Waffle House at which time Officer Walker activated his blue lights.

6. When Officer Walker walked up to the vehicle, which was lawfully parked in a parking spot at the Waffle House, it was unoccupied, and he observed an orange and black 9 mm handgun on the front passenger side floorboard.

7. Officer Walker asked a small group of people, who were gathered near the takeout entrance of the restaurant where the driver of the vehicle was and a female answered, "he is over there" and pointed to the front entrance of the Waffle House.

8. Officers Baidoo and Martin pulled up to assist Officer Walker. The three officers went to speak to the person standing near the front entrance and asked for identification and he advised he did not have any.

9. At that point, the officers walked away from the person standing near the front entrance.

10. The officers ran the license plate to the vehicle and determined that Tommie Conner was the owner of the vehicle. Using a picture of his driver's license from the officer's phone, the officers identify Tommy Connie as the person who they spoke to near the front door of the Waffle House.

11. When the officers return to the front entrance to speak to Tommie Conner

again, they find that he is no longer standing there, and they begin searching for him at a nearby apartment complex.  The officers eventually detain Mr. Conner, and he identifies himself as Tommie Conner.

12. After running a background check on Tommie Conner, he showed to have been convicted of multiple felonies and had a revoked driver's license.

13. Felony Response Sergeant Rouse obtained a search warrant on Tommie Conner's vehicle and met officers at the scene.

14. Officers searched the vehicle and located a black magazine in the center console cupholder loaded with 9mm live rounds and an orange and black SCCY CPX1 9mm handgun SN#825509 loaded with magazine and 1 live round in the chamber on the floorboard of the front passenger side.

15. At no time prior to the search did officers see Tommie Conner enter or exit the vehicle. Further, Defendant was not at the vehicle when detained and therefore there was no probable cause for the detention or search of the vehicle.

**LAW AND ARGUMENT**

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure" of "persons" within the meaning of this provision. See *Delaware v. Prouse*, 440 U. S. 648, 653 (1979); *United States* v. *Martinez-Fuerte,* 428 U. S. 543, 556 (1976); *United States* v. *Brignoni-Ponce,* 422 U. S. 873, 878 (1975).

3

In this matter, there is an Affidavit of Complaint which was sworn to in front of a Judicial Commissioner by Memphis Police Officer Ryan Walker, an Affidavit for Search Warrant which was sworn to in front of a Judicial Commissioner by Memphis Police Sergeant Andrew Rouse, and multiple body camera videos of the search and seizure of Tommie Conner. The information that is contained in the Affidavit of Complaint and the Affidavit for Search Warrant directly conflicts with the statements and actions that can be seen on the police-worn body cameras.

A search warrant affidavit is presumed reliable. *Franks v. Delaware,* 438 U.S. 154, 171 (1978). "In certain circumstances, however, a defendant may challenge the truthfulness of factual statements made in the affidavit, and thereby undermine the validity of the warrant and the resulting search or seizure." *United States v. Awadallah*, 349 F.3d 42, 64 (2d Cir.2003). In order to suppress the evidence based on a defective affidavit, the defendant must demonstrate, by a preponderance of the evidence, that there were intentional and material misstatements or omissions in the search warrant affidavit. *Id.* A search warrant can be voided and the fruits of the search excluded if statements made in the supporting affidavit were presented to the judicial commissioner and there is "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and the allegedly false statement is necessary to the finding of probable cause." *Franks*, 438 U.S. at 171.

In the instant matter, the Affidavit of Complaint states that Officers of the Memphis Police Department attempted to pull over a black Dodge Durango for speeding on American Way and that the Durango continued going westbound on American Way until

4

it pulled onto the private drive of the Waffle House and stopped on the southwest corner of the parking lot.  Similarly, the Affidavit for Search Warrant states that the driver of the Durango refused to pull over to the activated blue lights and sirens behind him. The Durango continued going westbound on American Way until it pulled onto the private drive of Waffle House, 4276 American Way, and stopped on the southwest corner of the parking lot. However, the written statements in the Affidavit of Complaint and Affidavit for Search Warrant directly conflict with the body camera videos. The body camera footage shows that at the time the Dodge Durango pulled into the Waffle House parking lot, it is not readily apparent that the police officer is pulling the driver over as the officer states in the video that he did not turn on his blue lights until he was turning into the parking lot. Officer Walker can be heard on bodycam stating "I lit you up as you turned into the store" to Tommie Conner.  Tommie Conner can then be heard on bodycam stating that he didn't see the officer behind him.  When speaking to other officers on the scene, Officer Walker says he lit Tommie Conner's car up "right in the fucking lot" then changes his statement to "right before we turned in the lot."

      The inconsistencies between the written affidavits and the video from police body cameras continue as Officer Walker wrote in the Affidavit of Complaint that at the time that they pulled into the Waffle House parking lot, the driver of the Durango opened the driver side door and ran from the vehicle.  Officer Rouse reiterated this statement in the Affidavit for Search Warrant. However, in reviewing body camera footage, Officer Walker tells fellow officers that he did not see anyone get out of the car. Officer Walker states "I don't know if I was focusing on the spotlight, but when I went up to the car, nobody was there, so I went to talk to dude who was at the front door, he says he wasn't in the car

5

and I can't place him in the car on the traffic stop." The Affidavits appear to show some urgency to the situation as they claim that the driver of the vehicle ran from the vehicle and engaged the officers in a foot chase. However, Officer Walker is further heard telling Tommie Conner "I stopped you, you got out and walked to the front door, I went to go talk to someone and you ran." However, Officer Walker's bodycam video shows Officer Walker getting out of his car and walking toward the Durango which is legally parked in a parking spot on the Waffle House lot. No one is seen entering or exiting the Durango at any time. Officer Walker talks to Tommie Conner in front of the Waffle House and then walks away from Tommie Conner after speaking to him briefly. At no point does Tommie Conner run from the vehicle or engage the officers in a foot chase. The officers spoke to Mr. Conner, and then the officers walked away from Mr. Conner. When the officers returned to speak to Mr. Conner again, he was no longer standing in the same spot.

The Affidavit of Complaint and Affidavit for Search Warrant for Defendant's case both contain false statements by the officers which were either made knowingly and intentionally, or with reckless disregard for the truth, and the false statements were necessary to the finding of probable cause.

Further officers lacked probable cause to detain the defendant and bring him back to the car which was legally parked. Officers did not have probable cause to detain the Defendant passed the writing of the ticket and therefore the stop and detention were illegal.

For the above-mentioned reasons, Defendant would submit that the search warrant in this matter is invalid, and the search violated the Defendant's rights under the

Fourth Amendment of the United States Constitution. Defendant submits that all items seized from the Dodge Durango and any derivative evidence be suppressed as fruit of the poisonous tree. Counsel had prepared this motion and thought it was previously filed.

**WHEREFORE DEFENDANT PRAYS** that this Honorable Court grant his motion and for such further general relief as the Court deems necessary and accept the late filing of the motion and grant this motion.

Respectfully submitted,

s\Michael E. Scholl
MICHAEL E. SCHOLL (16284)
200 Jefferson Avenue, Suite 1500
Memphis, Tennessee 38103
(901) 529-8500

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and exact copy of the foregoing document has been served on Assistant United States Attorney, Gregory Wagner at 167 North Main, Suite 800, Memphis, Tennessee 38103, via electronic delivery, on this 25th day of April, 2023.

s/ Michael E. Scholl
MICHAEL E. SCHOLL